**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **CRESCENT HOTELS & RESORTS, LLC,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:18CV867 (LMB/IDD) |
| ) | |
| v. ) | **FIRST AMENDED COMPLAINT FOR** |
| ) | **DAMAGES AND DECLARATORY** |
| **810 BROAD URE MASTER TENANT, LLC,** ) | **RELIEF** |
| **810 BROAD STREET URBAN RENEWAL** ) | |
| **COMPANY, LLC, THAFER HANINI ("Hanini"), and** ) | **DEMAND FOR JURY TRIAL** |
| **ISLAM ZUGHAYER,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff Crescent Hotels & Resorts, LLC ("Crescent"), brings this Complaint against

Defendants 810 Broad URE Master Tenant, LLC ("URE"), 810 Broad Street Urban Renewal

Company, LLC ("Urban Renewal"), Thafer Hanini ("Hanini"), and Islam Zughayer ("Islam")

(collectively, "Defendants"), and alleges as follows:

## INTRODUCTION

1.      This is a straightforward, if disturbing, case.  Crescent is a hotel and resort

management company located in Fairfax, Virginia.  In April 2016, URE, a New Jersey real estate

entity, determined it was in its "best interests" to engage Crescent to operate and manage a hotel

it owned in downtown Newark, New Jersey, known as the Hotel Indigo Newark Downtown

("Hotel Indigo").  URE engaged Crescent because of Crescent's "substantial expertise in the

operation and management of hotels" and successful track record of doing so.

2.      Toward this end, the parties entered a Property Management Agreement ("Management Agreement").  Under the Management Agreement, Crescent undertook to provide URE a broad array of services at Hotel Indigo – including running Hotel Indigo's day-to-day affairs, hiring personnel, maintenance, and developing and implementing marketing and promotional campaigns.

3.      In exchange for Crescent's management services and operation of Hotel Indigo, URE agreed to pay Crescent management fees, as well as bear responsibility for a host of other obligations, including, among other things, paying state and local taxes and indemnifying Crescent for claims filed against it arising out of its management of Hotel Indigo.

4.      The Management Agreement further authorized Crescent to enter certain contracts on URE's behalf.

5.      At the same time it entered the Management Agreement, Crescent also entered a Guaranty Agreement ("Guaranty") with Urban Renewal, Hanini, and Islam (collectively, "Guarantors") to guarantee performance of URE's obligations under the Management Agreement.

6.      Among other things, the Guaranty obligates the Guarantors "immediately" and "unconditionally" to perform URE's obligations under the Management Agreement upon any default by URE.  The Guaranty further obligates the Guarantors to pay "all costs, including reasonable legal fees, incurred by" Crescent to enforce its rights and collect amounts owed to it under the Guaranty or Management Agreement.

7.      Prior to or on the same day as entering the Management Agreement and Guaranty, URE, Urban Renewal, and Hanini entered a separate "Valet Parking Services Agreement"

("Valet Agreement") with Tavent Broad Street, LLC ("Tavent"), purportedly on Crescent's behalf for Tavent to provide transportation services at Hotel Indigo.

8.      Even though Crescent did not know of or consent to any of the Defendants entering the Valet Agreement, and they had no authority to do so, the Valet Agreement purports to impose various obligations on Crescent.  Among these obligations, the Valet Agreement purports to require Crescent to indemnify Tavent for claims against it relating to Hotel Indigo's operations.  Such an indemnification obligation is nonstandard, and Crescent would not have agreed to indemnify a vendor performing services at the hotel.

9.      URE, Urban Renewal, and Hanini concealed the Valet Agreement from Crescent for years, and failed to disclose it to Crescent before or after entering the Management Agreement.  Crescent did not learn of the Valet Agreement until May 2018.

10.      Crescent managed Hotel Indigo for years, during which it performed well and URE received every benefit of its bargain.

11.      Unfortunately, while Crescent performed its obligations, and ably managed Hotel Indigo, URE failed to meet its commitments and the parties' relationship deteriorated.

12.      Importantly, among other things, URE stopped meeting its financial obligations, including paying Crescent for its management and operation of Hotel Indigo as well as state and local taxes.

13.      URE also failed to indemnify Crescent for its costs, including attorney's fees, incurred in defending itself in litigation initiated by a former employee of Tavent against Tavent and Crescent under Title VII of the Civil Rights Act of 1964 and state and federal employment laws ("Employment Litigation").  Crescent has incurred attorney's fees and costs in defending

against the Employment Litigation to date, and will continue to do so, until the matter is resolved.

14.     Crescent made repeated efforts informally to resolve the parties' dispute and gave URE ample opportunity to cure its material breaches of the Management Agreement.

15.     Based on URE's refusal to pay amounts owed to Crescent and its dishonest conduct, Crescent terminated the Management Agreement in May 2018.

16.     While URE reaped the benefits of Crescent's management and operation of Hotel Indigo, it has continued to breach its obligations to pay for them.

17.     URE's failures to pay Crescent for its management of Hotel Indigo and reimbursable expenses, indemnify Crescent for attorney's fees and costs it has incurred in defending against the Employment Litigation, and pay taxes that it owes constitute material and ongoing breaches of the Management Agreement.

18.     URE's breaches of the Management Agreement have caused and continue to cause Crescent harm.

19.     Crescent further notified the Guarantors of URE's failures to meet its obligations, but they, too, have breached their obligations "immediately [to] make each payment and perform each obligation" required of URE under the Management Agreement.

20.     The Guarantors have failed to pay Crescent's management fees and reimbursable expenses, indemnify it for its attorney's fees and costs incurred in defending against the Employment Litigation, or pay outstanding taxes.

21.     The Guarantors have also failed to pay Crescent its attorney's fees and costs it has incurred in enforcing its rights and seeking payment under the Guaranty and Management Agreement.

22.     As of the filing of this First Amended Complaint, Defendants owe Crescent no less than $139,539.51 in fees and reimbursable expenses, in addition to indemnifiable attorney's fees and costs incurred in defending against the Employment Litigation.

23.     Defendants further owe approximately $311,000 in outstanding state and local taxes under the Management Agreement and Guaranty.

24.     The Guarantors must pay Crescent its attorney's fees and costs it has incurred in enforcing its rights and seeking payment under the Guaranty and Management Agreement.

25.     As a result of Defendants' multiple and ongoing breaches, Crescent has not received the benefit of its bargain.  It has not been compensated for the services it provided, reimbursed for expenses, or indemnified for its attorney's fees and costs related to the Employment Litigation.

26.     Crescent has further been forced to expend substantial resources, including its corporate officers and employees' time and effort, as well as significant attorney's fees and costs, to address Defendants' material breaches.

27.     Because Defendants failed to cure their breaches, Crescent now brings suit in this Court to obtain damages and all other appropriate relief for their breaches and dishonest conduct.

## **PARTIES**

28.     Plaintiff Crescent is a limited liability company organized under the laws of the State of Delaware, located at 10306 Eaton Place, Suite 430, Fairfax, Virginia 22030.  Crescent is a hotel and resort management company that offers premium hospitality services, including day-to-day hotel and resort operations and management and marketing and promotion activities.

29.     Defendant URE, a real estate investment entity, is a limited liability company based in and organized under the laws of the State of New Jersey, located at 45 Academy Street,

Suite 503, Newark, New Jersey 07102. URE entered the Management Agreement with Crescent for Crescent to operate and manage Hotel Indigo.

30. Defendant Urban Renewal owns Hotel Indigo. Urban Renewal is a limited liability company based in and organized under the laws of the State of New Jersey, located at 45 Academy Street, Suite 503, Newark, New Jersey 07102. URE and Urban Renewal previously entered a lease under which URE operates as the "Master Tenant" of Hotel Indigo.

31. Urban Renewal and URE are owned and controlled by the same members. Urban Renewal, along with Hanini and Islam, entered the Guaranty with Crescent to guarantee performance of URE's obligations under the Management Agreement.

32. Defendant Hanini is a member of Urban Renewal and URE, a citizen of the State of New Jersey, and is located at 45 Academy Street, Suite 503, Newark, New Jersey 07102. Hanini is a guarantor under the Guaranty and agreed to perform URE's obligations under the Management Agreement upon URE's default.

33. Defendant Islam is a member of Urban Renewal and URE, a citizen of the State of New York, and is located at 325 Fifth Avenue, Suite 29 D, New York, New York 10016. Islam is a guarantor under the Guaranty and agreed to perform URE's obligations under the Management Agreement upon URE's default.

## JURISDICTION AND VENUE

34. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C § 1332 because there is complete diversity between the parties. Crescent, URE, and Urban Renewal are limited liability companies. As limited liability companies, their citizenship is the same as that of their members. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir.

2004). Crescent's members are citizens of the Commonwealth of Virginia, while URE's and Urban Renewal's members are citizens of the States of New Jersey and New York.

35. Hanini and Islam are members of URE and Urban Renewal. Hanini is a citizen of the State of New Jersey, and Islam is a citizen of the State of New York.

36. Complete diversity therefore exists between the parties.

37. The amount in controversy also exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Defendants' material breaches have caused Crescent significant harm, including no less than $139,539.51 in unpaid management fees and reimbursable expenses, in addition to its attorney's fees and costs incurred in defending the Employment Litigation.

38. Defendants are subject to the personal jurisdiction of this Court. The Management Agreement and Guaranty both contain forum selection clauses, pursuant to which the parties agreed any controversy related to or arising under the agreements must be brought in a Virginia state or federal court. Management Agreement Art. 12, § 12.10; Guaranty § 8. The parties further consented to this Court's jurisdiction over any such action. *See id.*

39. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Crescent's claims against Defendants occurred in this District. Defendants entered and breached the agreements with Crescent in this District, and failed to make required payments to Crescent in this District. The parties' agreements further designate courts located in Virginia as the proper venue for dispute resolution and Defendants waived any right to object to this venue. *Id.*

# FACTUAL ALLEGATIONS

## *The Management Agreement*

40.     On or about April 1, 2016, URE engaged Crescent to manage and operate its faltering Hotel Indigo through a Management Agreement.

41.     URE engaged Crescent to manage and operate Hotel Indigo because Crescent has significant "expertise and capabilities" in the management and operation of hotels and resorts. Management Agreement, Recitals.

42.     Under the Management Agreement, Crescent agreed to provide URE hotel management and operation services for Hotel Indigo. *Id.* at Arts. 3 & 5. Those services included, among other things, day-to-day hotel operations, hiring employees, coordinating and preparing marketing and advertising campaigns, and procuring necessary licenses and permits. *Id.* at Art. 5.

43.     In exchange for its management services, URE agreed to pay Crescent monthly fees, including a "Base Management Fee" of between two (2) and two and a half (2.5) percent of gross revenues from Hotel Indigo. *Id.* at Art. 3, § 3.1.

44.     Under the Management Agreement, URE is obligated to pay "reasonable out-of-pocket expenses" incurred by Crescent in the course of performing its management services. *Id.* at Art. 6, § 6.2. These expenses include all "debts, obligations, and other liabilities incurred by" Hotel Indigo. *Id.* The Management Agreement makes clear Crescent "shall not be liable for the payment of such debts, obligations, and other liabilities." *Id.*

45.     The Management Agreement also requires URE to pay the costs and professional fees associated with obtaining or transferring licenses related to the sale of alcoholic beverages ("alcohol licenses"). *Id.* at Art. 5, § 5.16.

46.     URE also "shall be liable" for "any applicable sales, use, excise consumption or similar taxes."  *Id.* at Art. 3, § 3.4.

47.     The Management Agreement further grants Crescent discretion and authority to enter contracts and leases "required for operation" of Hotel Indigo "in the name of" URE or "as an agent of" URE, subject to certain exceptions.  *Id.* at § 5.17.  The Management Agreement does not authorize URE to contract on Crescent's behalf at any time or under any circumstance.

48.     URE is further obligated to indemnify, defend, and hold Crescent harmless "in perpetuity" against any claims "arising from or related to the management, operation, or maintenance" of Hotel Indigo.  *Id.* at Art. 11, § 11.6(a).  Indemnified claims include those made under Title VII of the Civil Rights Acts of 1964 and 1991, as well as "all other local, state, and federal laws related to employees."  *Id.*

49.     The Management Agreement provides for termination by a non-breaching party if the breaching party "fails to pay or reimburse any amounts required to be paid or reimbursed by it" to the non-breaching party.  *Id.* at Art. 1, § 1.1(n) & Art. 4, § 4.1.

50.     Prior to termination, however, the non-breaching party must provide written notice of a breach and afford the breaching party 10 days to cure it.  *Id.* § 4.3(b).

51.     If the breaching party fails to cure a breach within 10 days, the non-breaching party may terminate the Management Agreement.  *Id.* § 4.1(a).

52.     Following termination, URE remains liable all fees and reimbursements owed to Crescent on the effective date of termination.  *Id.* § 4.4(a).

53.     The Management Agreement authorizes Crescent to be paid accrued management fees and reimbursements from relevant Operating Accounts.  *Id.* at Art. 4, § 4.4(a).

54. URE's obligations to Crescent under the Management Agreement survive its termination by either party. Thus URE's obligations to pay Crescent for its management services, to pay outstanding taxes, and to indemnify Crescent for claims made against it, survive termination of the Management Agreement. *Id.* § 3.5; *see id.* at Arts. 4, 6 & 11.

55. The Management Agreement is governed by Virginia law. *Id.* at Art. 12, § 12.10.

56. Any suit arising under or related to the Management Agreement must be brought in a Virginia state or federal court. *Id.*

57. Under the Management Agreement, the parties consent to the jurisdiction of Virginia courts and waive any objection based on improper venue. *Id.*

58. The prevailing party in any action arising under the Management Agreement is entitled to its attorney's fees and costs. *Id.* § 12.2.

### *The Guaranty*

59. In conjunction with the Management Agreement, the Guarantors and Crescent entered a Guaranty "for the benefit of" Crescent and in "consideration of and as an inducement to" it entering the Management Agreement. Guaranty, Recitals.

60. The Guarantors agreed "unconditionally" and "immediately" to perform URE's obligations under the Management Agreement if URE defaulted on them, including its payment obligations. *Id.* § 1.

61. The Guarantors waived "any right to require" Crescent to proceed, "by way of set-off or otherwise, against" URE, its assets, or any other guarantor before enforcing the Guaranty. *Id.* § 4.

62. The Guarantors and URE are jointly and severally liable for URE's indemnification obligations under the Management Agreement. *Id.* § 7.

63. Virginia law also governs the Guaranty. *Id.* § 8. The Guarantors "expressly and irrevocably" consent to the jurisdiction of Virginia courts for resolution of any disputes related to the Guaranty. *Id.*

64. The Guarantors agreed "to pay all costs, including reasonable legal fees, incurred" by Crescent "to enforce or protect any rights or to collect any amounts due under" the Guaranty or Management Agreement. *Id.* § 9.

65. The Guarantors' obligations under the Guaranty also survive termination of the Management Agreement, including the Guarantors' obligation to perform URE's obligations upon its default, indemnify Crescent for claims arising from its management of Hotel Indigo, and pay Crescent's attorney's fees and costs. *See id.* § 15.

### *URE, Urban Renewal, And Hanini Entered A Valet Agreement Purportedly On Crescent's Behalf Without Authority Or Its Knowledge Or Consent.*

66. Prior to or on the same day as entering the Management Agreement and Guaranty, URE, Urban Renewal, and Hanini entered a Valet Agreement with Tavent Broad Street, LLC ("Tavent"), purportedly on Crescent's behalf for Tavent to provide transportation services for Hotel Indigo.

67. Crescent did not know of or consent to the Defendants' entering the Valet Agreement on its behalf, and they had no authority to do so. Neither URE, Urban Renewal, nor Hanini were ever authorized to contract on Crescent's behalf.

68. Nevertheless, they entered the Valet Agreement, which purportedly obligates Crescent, among other things, to defend, indemnify, and hold Tavent harmless "from and against any and all actions, costs, claims, losses, expenses and/or damages, including attorneys' fees," arising out of its services at Hotel Indigo. Valet Agreement § 7(b).

69.     URE, Urban Renewal, and Hanini concealed the Valet Agreement from Crescent. The Valet Agreement only came to light years later in May 2018, when Tavent sought Crescent to indemnify it against the Employment Litigation.

### *Defendants Have Materially Breached The Management Agreement And Guaranty*

70.     Crescent diligently operated and managed Hotel Indigo for several years and provided comprehensive and valuable services to Hotel Indigo for the benefit of URE.

71.     At all times, Crescent met its obligations under the Management Agreement.

72.     While Crescent met its obligations, however, URE breached its obligations, and as a result the parties' relationship soured.

73.     As the relationship deteriorated, Crescent also learned of the Valet Agreement and URE, Urban Renewal, and Hanini's dishonest conduct in purporting to enter it on Crescent's behalf without its knowledge or consent.

74.     In light of URE's material breaches of the Management Agreement and dishonest conduct, and after URE failed to cure its breaches, Crescent terminated the Management Agreement in May 2018.

75.     URE has failed to pay Crescent fees it is owed for its management and operation of Hotel Indigo, as well as for reimbursable expenses.

76.     URE owes Crescent no less than $139,539.51 in fees and reimbursable expenses for the services it has rendered, in addition to attorney's fees and costs it has incurred and will continue to incur in defending against the Employment Litigation.

77.     URE has also failed to pay taxes and other fees for which it is liable.

78.     URE has failed to pay approximately $311,000.00 in state and local taxes as of the filing of this First Amended Complaint.

79.    URE has further breached its obligation to indemnify Crescent for fees and costs incurred in the Employment Litigation.

80.    Even though URE is obligated to indemnify Crescent under the Management Agreement for these fees and costs, it has failed and refused to do so.

81.    The Guarantors have also failed to meet their obligations "immediately" to perform URE's obligations upon its default.

82.    The Guarantors have breached their obligations to pay all fees and reimbursable expenses owed to Crescent as well as outstanding state and local taxes owed by URE.

83.    The Guarantors have breached their obligation to indemnify Crescent against the Employment Litigation.

84.    The Guarantors have breached their obligation to pay Crescent's attorney's fees and costs incurred to enforce its rights and seek payment under the Management Agreement and Guaranty.

85.    Defendants' multiple material breaches have disrupted and negatively impacted Crescent's ability to manage and operate Hotel Indigo.

86.    Crescent has also been forced to divert substantial resources, including its corporate officers' and employees' time and effort, from its business operations to address Defendants' material and ongoing breaches of the Management Agreement and Guaranty.

87.    On July 3, 2018, Crescent demanded Defendants to cure their material breaches and pay all outstanding amounts that Crescent is owed.

88.    Defendants did not respond to Crescent's demand or pay any outstanding amounts owed to Crescent.

# CAUSES OF ACTION

## COUNT I
### (Breach Of Contract And Implied Duty Of
### Good Faith And Fair Dealing Against URE)

89. Crescent realleges and incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 88 of this Complaint.

90. Crescent and URE entered a valid, binding, and enforceable Management Agreement on April 1, 2016.

91. The Management Agreement obligates URE to pay Crescent certain fees and expenses for operating and managing Hotel Indigo, as well as indemnify it for costs incurred for claims related to Hotel Indigo's operations.

92. The Management Agreement further obligates URE to pay all taxes and fees related to the operation of Hotel Indigo.

93. URE has materially breached the Management Agreement in multiple ways.

94. URE failed to pay Crescent amounts owed to it. As of the date of the filing of this First Amended Complaint, URE owes Crescent no less than $139,539.51 for fees and reimbursable expenses, including attorney's fees and costs incurred in defending against the Employment Litigation.

95. URE has further breached its obligation to pay taxes that it owes. As of the date of the filing of this First Amended Complaint, URE is liable for approximately $311,000.00 in unpaid state and local taxes and associated penalties.

96. URE's failure to pay the amounts owed to Crescent and outstanding taxes have harmed Crescent and disrupted and negatively impacted Crescent's ability to manage and operate Hotel Indigo.

97. URE's failures to make required payments to Crescent, pay its tax liabilities, and indemnify Crescent for attorney's fees and costs it has incurred in defending against the Employment Litigation constitute material and ongoing breaches of the Management Agreement.

98. The Management Agreement contains an implied duty of good faith and fair dealing.

99. URE has breached the duty of good faith and fair dealing implied in the Management Agreement by engaging in dishonest conduct and entering the Valet Agreement on Crescent's behalf without authority.

100. URE concealed its dishonest conduct from Crescent for years.

101. URE's breaches of the Management Agreement and implied duty of good faith and fair dealing have harmed and continue to harm Crescent.

102. Crescent has demanded URE pay all outstanding amounts owed to it.

103. URE has failed and refused to pay Crescent the amounts that it owes.

104. Crescent has satisfied all conditions precedent to filing suit against URE for its breaches of the Management Agreement.

105. Crescent is entitled to damages, including but not limited to, all amounts due under the Management Agreement, as well as its attorney's fees and costs. Crescent is further entitled to declaratory relief, as well as all other available remedies, as set forth in its Prayer for Relief.

## COUNT II
**(Breach Of The Guaranty And Duty Of Good Faith And Fair Dealing
Against Urban Renewal, Hanini, and Islam)**

106. Crescent realleges and incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 88 of this Complaint.

107.     Crescent and the Guarantors entered a valid, binding, and enforceable Guaranty.

108.     The Guaranty obligates the Guarantors "unconditionally" and "immediately" to pay and perform all of URE's obligations under the Management Agreement upon any default by URE.

109.     The Guaranty further imposes joint and several liability upon the Guarantors to indemnify Crescent for any claims arising out of or related to its operation of Hotel Indigo.

110.     The Guarantors also agreed "to pay all costs, including reasonable legal fees, incurred" by Crescent "to enforce or protect any rights or to collect any amounts due under" the Guaranty or Management Agreement.

111.     The Guarantors have breached their obligations under the Guaranty.

112.     The Guarantors breached their obligation to pay and perform each of URE's obligations under the Management Agreement upon its default.

113.     The Guarantors breached their obligation immediately to pay amounts owed to Crescent under the Management Agreement upon URE's default of its obligation to do so.

114.     The Guarantors breached their obligation to indemnify Crescent for its attorney's fees and costs incurred in defending against the Employment Litigation.

115.     The Guarantors also breached their obligation to reimburse Crescent for amounts it has incurred to date to enforce its rights and collect amounts owed to it under the Management Agreement and Guaranty.

116.     The Guaranty contains an implied duty of good faith and fair dealing.

117.     The Guarantors have breached the implied duty of good faith and fair dealing by engaging in dishonest conduct.  The Guarantors – namely, Urban Renewal and Hanini – entered

the Valet Agreement on Crescent's behalf without its knowledge or consent, or any authority to do so.

118.    The Guarantors further concealed their dishonest conduct from Crescent for years.

119.    The Guarantors' breaches of the Guaranty and duty of good faith and fair dealing have harmed and continue to harm Crescent.

120.    Crescent has demanded the Guarantors pay all outstanding amounts owed to it.

121.    The Guarantors have failed to pay Crescent the amounts that they owe to it.

122.    Crescent has satisfied all conditions precedent to filing suit against the Guarantors for their breaches of the Guaranty.

123.    Crescent is entitled to damages, including but not limited to, all amounts due under the Guaranty and its attorney's fees and costs.  Crescent is further entitled to declaratory relief, as well as all other available remedies, as set forth in its Prayer for Relief

**COUNT III**
**(Unjust Enrichment Against All Defendants)**

124.     Crescent realleges and incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 88 of this Complaint.

125.    Crescent has operated and managed Hotel Indigo on behalf of Defendants for years.

126.    Crescent's operation and management of Hotel Indigo has benefited Defendants, including by enhancing the operations, performance, and value of Hotel Indigo.

127.    Defendants know of the benefits that Crescent conferred on them through its management and operation of Hotel Indigo.

128.    Crescent undertook the management and operation of Hotel Indigo at Defendants' request and expected to be compensated for its services.

129.    Crescent continues to manage and operate Hotel Indigo for Defendants' benefit.

130.    Defendants have failed to compensate Crescent for its valuable management and operation services that have benefitted them.

131.    It would be inequitable and unjust for Defendants to retain the benefits of Crescent's management and operation of Hotel Indigo without paying Crescent for the value of such services.

132.    Crescent has been harmed by Defendants' failure to pay Crescent for the hotel operation and management services that Crescent provided to them.

133.    Crescent is entitled to damages, including but not limited to, the value of its services provided to Defendants.

134.    Crescent is further entitled to declaratory relief, as well as all other available remedies, as set forth in its Prayer for Relief.

## COUNT IV
**(Declaratory Judgment Pursuant To 28 U.S.C. § 2201 Against All Defendants)**

135.    Crescent realleges and incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 88 of this Complaint.

136.    An actual and justiciable controversy exists concerning whether URE has materially breached and continues to breach the Management Agreement by failing to pay Crescent its management fees and reimbursable expenses, indemnify it against the Employment Litigation, and pay state and local taxes and penalties.

137.    Crescent disputes URE's failures to abide its contractual obligations under the Management Agreement, including but not limited to its failure to pay Crescent its management fees and reimbursable expenses, indemnify it against the Employment Litigation, and pay outstanding state and local taxes and penalties.

138. An actual and justiciable controversy also exists concerning whether the Guarantors have breached and continue to breach the Guaranty by failing to perform URE's obligations under the Management Agreement, including URE's obligations to pay Crescent management fees and reimbursable expenses, state and local taxes and penalties, Crescent's attorney's fees and costs for enforcing its rights under the Management Agreement and Guaranty, and to indemnify it against the Employment Litigation.

139. Crescent disputes Guarantors' failures to abide their contractual obligations under the Guaranty, including URE's obligations to pay Crescent management fees and reimbursable expenses, state and local taxes and penalties, Crescent's attorney's fees and costs for enforcing its rights under the Management Agreement and Guaranty, and to indemnify it against the Employment Litigation.

140. Pursuant to 28 U.S.C. § 2201, a judicial determination of the respective rights of the parties is necessary and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Crescent demands a trial by jury in this action on all issues so triable as of right.

## PRAYER FOR RELIEF

WHEREFORE, Crescent prays for this Court to enter judgment against Defendants, granting the following relief:

1. A declaration that URE has:

- Breached the Management Agreement by failing to pay Crescent management fees and other amounts that it is owed, including reimbursement for taxes and fees Crescent paid on behalf of URE;

- Breached the Management Agreement by failing to pay outstanding state and local taxes and penalties;

- Breached the Management Agreement by failing to indemnify Crescent against the Employment Litigation;

- Breached the implied duty of good faith and fair dealing by purporting to enter the Valet Agreement on Crescent's behalf without authority; and

- Been unjustly enriched by failing to compensate Crescent for its valuable management and operation services that have benefitted URE.

2.      A declaration that the Guarantors have:

- Breached the Guaranty by failing immediately and unconditionally to perform to URE's obligations under the Management Agreement on URE's default, including paying Crescent management fees and reimbursable expenses;

- Breached the Guaranty by failing to pay outstanding state and local taxes and penalties owed by URE;

- Breached the Guaranty by failing to indemnify Crescent against the Employment Litigation, including by failing to pay its attorney's fees and costs;

- Breached the Guaranty by failing to indemnify Crescent for its attorney's fees and costs incurred as a result of enforcing its rights and seeking payment under the Management Agreement and Guaranty;

- Breached the implied duty of good faith and fair dealing by purporting to enter the Valet Agreement on Crescent's behalf without authority; and

- Been unjustly enriched by failing to compensate Crescent for its valuable management and operation services that have benefitted them.

3.       Actual damages in an amount according to proof;

4.       Costs of suit herein, as permitted by law, the Management Agreement, and the Guaranty;

5.       Attorney's fees, as permitted by law, the Management Agreement, and the Guaranty;

6.       Pre-judgment and post-judgment and other interest on all monetary damages, as permitted by law; and

7.       Any and all such further relief that the Court deems just and proper.

Dated: August 23, 2018

By: _____

Paul Werner  Bar No. 48910
Imad Matini (*pro hac vice* to be filed)
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue NW
Washington, D.C. 20006
Telephone: 202-747-1931
Facsimile: 202-747-3817
*pwerner@sheppardmullin.com*
*imatini@sheppardmullin.com*

*Attorneys for Plaintiff Crescent Hotels & Resorts, LLC*