**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

|  |  |
|---|---|
| CRESCENT HOTELS & RESORTS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No.: 1:18-cv-00867-LMB-IDD |
| 810 BROAD URE MASTER TENANT, LLC, 810 BROAD STREET URBAN RENEWAL COMPANY, LLC, THAFER HANINI, and ISLAM ZUGHAYER, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## **DEFENDANTS' INITIAL DISCLOSURES**

Defendants, 810 Broad URE Master Tenant, LLC, 810 Broad Street Urban Renewal Company, LLC, Thafer Hanini, and Islam ("Sam") Zughayer (collectively "810 Broad"), submit these Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and state as follows:

### **INTRODUCTION**

810 Broad reserves all objections to the use of this Initial Disclosure Statement or any information contained herein and makes no representations or concessions regarding the relevance or admissibility of any document or type of document. 810 Broad reserves the right to supplement, revise and/or amend these Initial Disclosures if and when new information becomes available.

# INITIAL DISCLOSURES

**(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

**RESPONSE:**

1. **Thafer Hanini.** Can be contacted through counsel. He is knowledgeable about the negotiation of the Property Management Agreement, any and all alleged breaches thereof by Crescent, and the damages that 810 Broad has incurred.

2. **Islam "Sam" Zughayer**. Can be contracted through counsel. He is knowledgeable about the negotiation of the Property Management Agreement, any and all alleged breaches thereof by Crescent, and the damages that 810 Broad has incurred.

3. **Parker Sams.** Former General Manager of Hotel Indigo. He notified the principals of 810 Broad that Crescent had given up supporting the hotel months prior to the termination and warned Crescent was planning to terminate the Management Agreement in early 2018. Mr. Sams also reported that Crescent, prior to announcing the termination of the Management Agreement and subsequent to a "stay bonus" paid by to him by 810 Broad, had offered Mr. Sams multiple job opportunities to relocate to another hotel managed by Crescent.

4. **Michael George.** Crescent's CEO. Mr. George is knowledgeable about all of the breaches alleged against Crescent, including but not limited to the termination of the Management Agreement.

5. **Rob Smith.** Crescent's CFO. Mr. Smith is knowledgeable about all of the breaches alleged against Crescent, including but not limited to the termination of the Management Agreement. Mr. Smith was the architect of the plan to starve the Hotel Indigo of liquidity while siphoning money out of the hotel for the benefit of Crescent.

6. **Michael Metcalf.** Crescent's COO. Mr. Metcalf is knowledgeable about all of the breaches alleged against Crescent, including but not limited the attempts to recruit Parker Sams to other Crescent Hotels while Crescent was being paid by 810 Broad to manage the Hotel Indigo and after Crescent encouraged 810 Broad to pay Mr. Sams a "stay bonus." Mr. Metcalf also has intimate knowledge of the fraud committed against IHG and the guest satisfaction surveys.

7. **Caroline George.** Crescent's General Counsel. Ms. George is knowledgeable about all of the breaches alleged against Crescent, including but not limited the unlawful termination of the management agreement and the racial discrimination suit filed against Crescent. Ms. George gave multiple inaccurate reasons for the termination to lender counsel for Hotel Indigo at the time of termination.

8. **Michael Broadhurst.** Crescent's Senior VP of Operations. Mr. Broadhurst is knowledgeable about all of the breaches alleged against Crescent, including but not limited to the unlawful termination of the Management Agreement and the day-to-day operations at the hotel. Mr. Broadhurst encouraged 810 Broad to pay Mr. Sams a "stay bonus" while aware Mr. Metcalf was actively encouraging Mr. Sams to abandon the hotel. Mr. Broadhurst ceased participating in the bi-monthly calls with the hotel months before the termination. Mr. Sams, who reported directly to Mr. Broadhurst, continually warned that Mr. Broadhurst was missing in action and not supporting the hotel.

9. **Margaret Hackbarth**. Crescent's VP of Risk Management. Ms. Hackbarth is knowledgeable about all the breaches alleged against Crescent related to insurance claim and proceeds to 810 Broad for losses related to the flood.

10. **Doina Sanchez.** Crescent's Director of Revenue. Ms. Sanchez was the Corporate Director of Sales for the Hotel Indigo and at another Crescent-managed hotel, the DoubleTree by Hilton Newark, less than 3 miles away. Ms. Sanchez is knowledgeable of the fact that she was instructed to divert business away from the Hotel Indigo to the DoubleTree when Crescent decided to neglect the Hotel Indigo in early 2018 in anticipation of their termination.

**(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

**RESPONSE:**

810 Broad identifies the following categories of documents, electronically stored

information, and tangible things:

1. The electronic mail records of all of the 810 Broad defendants.
2. Records of Board meetings and internal management meetings at Crescent relating to the Hotel Indigo (Newark).
3. Financial records relating to the Hotel Indigo (Newark).
4. Contract files relating to the Hotel Indigo (Newark).
5. Invoices from attorneys to support a fees and expenses claim.

**(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;**

**RESPONSE:**

1. Crescent's conversion of a check for $332,000 of insurance proceeds earmarked for payment of taxes.
2. 810 Broad's reasonable attorneys' fees and expenses for defending this action and pursuing its damages claims. These are ongoing. 810 Broad will provide the total amount of fees incurred periodically throughout discovery. As of the date of this submission, fees and expenses are in excess of $30,000.
3. If Crescent's wrongful actions force the Hotel Indigo to close, or cause its existing refinancing process to fail as a result of Crescent's unlawful actions, 810 Broad will seek to recover the full amount of its $12 million equity investment and any liabilities triggered by callable guarantees against the ownership of 810 Broad LLC.
4. 810 Broad is in default under the IHG Agreement due to Crescent's wrongful actions, which has cost 810 Broad over $150,000 in higher franchise rates.
5. Punitive damages up to the state law cap of $350,000 for the breach of fiduciary duty claim.
6. Interest and penalties of an as-yet undetermined amount for failure to pay state sales and use taxes.

**(iv) for inspection and copying as under Rule 34 any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**RESPONSE:**

810 Broad is presently unaware of any insurance policy that would apply to this case.

Dated: September 6, 2018

By:
*/s/ Laurin H. Mills*
Laurin H. Mills (VA Bar #79848)
LECLAIRRYAN, PLLC
2318 Mill Road, Suite 1100
Alexandria, VA 22314
Telephone: (703) 647-5903
Facsimile: (703) 647-5953
laurin.mills@leclairryan.com

*Counsel for Defendants, 810 Broad URE Master Tenant, LLC; 810 Broad Street Urban Renewal Company, LLC; Thafer Hanini; and Islam Zughayer*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2018, the foregoing was served on all counsel of record via the Court's ECF service.

          /s/ Laurin H. Mills